

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,938-01

## EX PARTE JOSEPH PENA, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 96-CR-2781-W1 IN THE 186TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam***. Hervey, J., not participating.**

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The Fourth Court of Appeals affirmed his conviction. *Pena v. State,* No. 04-97-80-CR (Tex. App.–San Antonio, November 12, 1998).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance during the punishment phase of trial because she failed to investigate an

extraneous murder offense, failed to investigate and present mitigating evidence, and failed to request a limiting instruction regarding that extraneous offense.

The trial court has determined that trial counsel's performance was deficient and that such deficient performance prejudiced Applicant. We agree. Relief is granted. The sentence in Cause No. 96-CR-2781 in the 186th District Court of Bexar County is set aside, and Applicant is remanded to the custody of the Sheriff of Bexar County for a new punishment hearing. Applicant's other grounds are denied. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: September 17, 2014
Do not publish